**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC and 7 NORTH WOODLAND STREET, LLC, on behalf of them residents, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ENGLEWOOD, CITY COUNCIL OF ENGLEWOOD <br><br> Defendants. | Civil Action No.: <br><br> **CERTIFICATION OF THOMAS HERTEN, ESQ.** <br><br><br> *(Document filed electronically)* |

Thomas Herten, of full age, hereby certifies as follows:

1.      I am an attorney admitted to practice law in the State of New Jersey.  I represented Plaintiff in the proceedings before the Englewood City Council ("Council") with respect to the Plaintiff's desire to build a 150 bed assisted living and memory care facility ("Facility") in the City of Englewood ("City" or "Englewood"), the Defendants in the above-captioned matter, and interacted with City Officials on Plaintiff's behalf.  I make this certification on my own knowledge and belief.

2.      Attached hereto are true and correct copies of the following exhibits:

        a.      The Certificate of Need issued for the Facility by the state of New Jersey (Exhibit A);

        b.      The 2014 Englewood Master Plan (Exhibit B);

c.      The Municipal Land Use Ordinance of the City of Englewood, Code Chapter 250, ("Code"), which governs and defines properties zoned as R-AAA and RIM (Exhibit C);

d.      City Zoning Map (Exhibit D);

e.      Deed for 431 East Palisade Avenue, as filed in the public records (Exhibit E);

f.      Redacted Agreement of Sale for 7 North Woodland Street and 405 E. Palisade Avenue (Exhibit F);

g.      Map of the Englewood Eruv (Exhibit G), obtained from eruv.org;

h.      January 14, 2019 Rezoning Application, which I prepared and submitted (Exhibit H);

i.      March 15, 2018 spot zoning memorandum, which I prepared and submitted (Exhibit I);

j.      May 2, 2019 submission to the Council, which I prepared and submitted (Exhibit J);

k.      Transcript of the May 7, 2019 Council hearing, which I caused to be prepared by a certified court reporter (Exhibit K);

l.      A June 20, 2019 letter to City Attorney which I caused to be prepared and delivered (Exhibit L); and

m.      A June 26, 2019 responding letter from the City Attorney, William Bailey, Esq. (Exhibit M).

3.      After prior meetings with individual council members, a withdrawn invitation to appear before the Council on January 2018 and an informal presentation to the Council on August

2

21, 2018, at which time we were afforded 15 minutes on the City Council's agenda,  CareOne filed a formal Application with the Council on behalf of Plaintiff  on January 14, 2019 for a rezoning to allow construction and operation of a 150 bed assisted living facility on lands in Englewood zoned R-AAA (the "Application").   The Facility is to be located on a Regional Arterial road, as designated in the 2014 Master Plan.

      4.      To date, Council has failed to introduce an ordinance to rezone the Property, or affirmatively act to allow the Application to move forward.  In that regard, the City never formally responded to the March 15, 2018 memo I submitted containing legal analysis as to why CareOne's requested rezoning would not constitute "spot zoning."

      5.      On behalf of Plaintiffs, I conducted two separate public presentations before the Council, where various experts presented testimony in support of the Application. The first was an informal presentation on August 21, 2018 and the second was a formal presentation on May 7, 2019.  At the May 7, 2019 hearing, the Council conducted no official business regarding the Application and stated that it would not take action that evening, but  the Council did hear the policy and legal reasons from the applicant as to the reasons why it should affirmatively act on the Application, including analysis as to how the Code and the City's failure to make a reasonable accommodation for an assisted living and memory care facility in a residential zoning district violates the Fair Housing Amendments Act of 1968, the Americans with Disabilities Act, and other laws.

      6.      In connection with the Application, my client and I were informed by various Council members and City officials that they individually were not inclined to support the Application. The Council's inaction on June 28, 2019 (as referenced in Paragraph 8 below) confirms that prior advice. In my experience representing property owners seeking variances and

other approvals before the City's Municipal Board of Adjustment and other governing bodies, an application that would require the number and type of variances that CareOne would need to build the proposed project, and given the apparent opposition to the project as articulated by some of the public during the May 7, 2019 hearing, the variance process would take months or over a year to complete without any predictable success.

7.     Orthodox Jews, including a number of rabbis who lead Englewood congregations, testified at the May 7, 2019 hearing that they could not visit family in distant assisted living and memory care homes during Shabbat because of the City's impermissible zoning laws and practices in violation of the Religious Land Use and Institutionalized Persons Act.

8.     On June 20, 2019, CareOne, thorough me as counsel, submitted a letter to the City Attorney confirming that Council would not move forward with an ordinance allowing for the requested use of our client's property.  I asked that any response to the contrary be received on or before close of business on June 26, 2019, the day after the Council was scheduled to meet. A June 26, 2019 letter from the City Attorney requested an extension to June 29, 2019, a day after the adjourned date of the scheduled Council, so that the City Attorney could confer with his client. This request was accommodated, but I have been subsequently advised by the City Attorney that the Council chose not to take any action on June 28, 2019 at its scheduled meeting with respect to the Application with the result that the matter will not move forward at the Council level.

9.     I participated in negotiations and drafting various documents regarding the acquisition of the corporate Plaintiffs' rights in the real property in Englewood for the assisted living and memory care facility.  I am generally familiar with the existing structures on the Property and in the surrounding neighborhood.  The home located at 405 East Palisade Avenue is

216682885v1

in need of major repairs; there was a past attempt to convert it to a house of worship.  The structure at 431 East Palisade Avenue has long been vacant.

10.     I practice on behalf of other clients before the municipal land use boards and have done so for over forty (40) years, and am familiar with municipal zoning procedures and policies, as well as the municipal zoning ordinances and Master Plans.  From my review of the Municipal Land Use Ordinance of the City of Englewood and Master Plan, my experience interacting with City officials, and my knowledge of this Application, I am able to state that the Facility is only allowed as a permitted use in the RIM district and not in the R-AAA zone or any other residential zone.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 29, 2019

_____
Thomas J. Herten