I

## Memorandum

TO: William J. Bailey, Esq.

FROM: Thomas J. Herten, Esq.

DATE: March 16, 2018

RE: Care One: Englewood Zoning: Assisted Living

OUR FILE NO.: CAR479.00402

This memorandum addresses the question whether a rezoning of residentially zoned parcels in Englewood to permit assisted living or nursing home uses would be subject to a successful challenge under the "spot zoning" doctrine. The authorities discussed below illustrate why this zoning change would not be viewed as impermissible spot zoning, because it will advance important public policies, including those mandated by Congress in the 1988 Fair Housing Amendments Act, which require municipalities to make reasonable accommodations in their land use ordinances for housing for people with disabilities. See, Assisted Living Associates of Moorestown, LLC v. Moorestown Twp., 996 F. Supp. 409, 433-438 (D.N.J. 1998).

We begin with the basic underlying principles that inform the spot zoning analysis. The New Jersey legislature has, through the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq. ("MLUL"), delegated to municipalities the power to "adopt or amend" zoning ordinances. See, N.J.S.A. 40:55D-62(a); Riya Finnegan v. S. Brunswick Tp., 197 N.J. 184, 191 (2008). The New Jersey constitution provides that this, like all other legislative delegations of authority to municipalities, are to be "liberally construed" in favor of the municipalities. N.J. Const. art. IV, § 7, ¶ 11; Rumson Est. v. Mayor of Fair Haven, 177 N.J. 338, 349-351 (2003). Accordingly, "municipal actions enjoy a presumption of validity. [citations omitted]." A party challenging municipal action "must overcome the presumption of validity -- a heavy burden. [citations

1

omitted]." Witt v. Borough of Maywood, 328 N.J. Super. 432, 442 (Law Div. 1998), aff'd o.b., 328 N.J. Super. 343 (App. Div. 2000); see, 515 Assocs. v. City of Newark, 132 N.J. 180, 185 (1993).

The courts thus presume that municipal legislative enactments rest upon some rational basis within the knowledge and experience of the members of the governing body. This presumption can be overcome only by proofs that preclude the possibility that there could have been any set of facts known to the legislative body that would rationally support a conclusion that the enactment is in the public interest. "The underlying policy and wisdom of ordinances are the responsibility of the governing body, [citations omitted], and if any state of facts may reasonably be conceived to justify the ordinance, it will not be set aside. [citation omitted]." Quick Chek Food Stores v. Springfield Tp., 83 N.J. 438, 447 (1980); see, also, e.g., Hutton Pk. Gardens v. West Orange Town Council, 68 N.J. 543, 564-565 (1975).

The courts apply these principles to zoning ordinances, and hold that "the judicial role in reviewing a zoning ordinance is tightly circumscribed. There is a strong presumption in favor of its validity, and the court cannot invalidate it, or any provision thereof, unless this presumption is overcome by a clear showing that is arbitrary or unreasonable. [citations omitted]." Harvard Enterprises, Inc. v. Bd. of Adj. of Madison, 56 N.J. 362, 368 (1970). A plaintiff asserting a substantive challenge to a zoning ordinance may overcome the presumption of validity "through an affirmative showing that the ordinance 'in whole or in application to any particular property' is 'clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of the [zoning] statute.' [citations omitted]." Pheasant Bridge Corp. v. Township of Warren, 169 N.J. 282, 290 (2001), cert. denied, 535 U.S. 1077, 122 S. Ct. 1959, 152 L. Ed. 2d 1020 (2002), quoting Bow & Arrow Manor v. Town of West Orange, 63 N.J. 335, 343 (1973); see, e.g., Riya Finnegan

2

v. S. Brunswick Tp., 197 N.J. at 191-192; Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 20 (1976).

The "court's role is not to pass on the wisdom of the ordinance[.]" Pheasant Bridge Corp. v. Township of Warren, 169 N.J. at 290. "Rather, a court engages in a review of the relationship between the means and the ends of the ordinance." Ibid., citing, e.g., Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. at 21 (upholding ordinance as not spot zoning). "[I]n assessing community needs, the court must allow a wide latitude to the expertise and judgment of a governing body, just as it does to a board of adjustment or planning board, because of the members' peculiar knowledge of local conditions. [citation omitted]." Lakewood Res. v. Cong. Zichron Schneur, 239 N.J. Super. 89, 96 (Law Div. 1989).

With these principles in mind, the courts define "spot zoning" as the use by the municipality "of the zoning power to benefit particular private interests rather than the collective interests of the community." Taxpayers Assn. of Weymouth Tp. v Weymouth Tp., 80 N.J. at 18. A party alleging that an ordinance is spot zoning carries the burden of proof. Id. at 19; see, W. Cox & S. Koenig, New Jersey Zoning & Land Use Administration §10-8.2 at 199 (2017)(citing cases).

An ordinance permitting assisted living facilities or nursing homes would not be spot zoning because it will promote "the collective interests of the community" as recognized by Congress. Congress adopted the 1988 Fair Housing Amendments Act to prohibit discrimination in the sale or rental of housing, or the provision of services or facilities in connection with housing, because of handicap. See, 42 U.S.C. § 3604(f). These provisions apply to land use ordinances. Even otherwise neutral land use rules and regulations may result in unlawful discrimination if the municipality refuses "to make reasonable accommodations" to afford people with handicaps equal opportunities for housing. See, Assisted Living Associates of Moorestown, LLC, 996 F. Supp. at

434-436 (holding that developer of proposed assisted living facility was entitled to a preliminary injunction when Township did not provide a reasonable accommodation for this use).

Therefore, a zoning ordinance creating housing opportunities for those in need of assisted living serves these salient public interests that the community must advance. It follows, that the ordinance would not be spot zoning. For example in Taxpayers Ass'n of Weymouth, the New Jersey Supreme Court rejected a spot zoning challenge to a zoning ordinance creating a district permitting mobile home parks "for the exclusive use of the elderly." See, Taxpayers Ass'n of Weymouth, 80 N.J. at 15. The court found that the ordinance advanced public policies that vitiated the spot zoning challenge. See, Id. at 19-37. And in a persuasive decision, a New York Supreme Court judge rejected a spot zoning challenge to an ordinance that created a "floating zone" permitting multi-family dwellings designed for elderly families and families with physically handicapped residents. The court held that the plaintiffs did not sustain their burden to prove that the ordinance was for the benefit of the owners of the property on which the development was proposed. Instead, the court held that the ordinance was intended "to benefit the community by providing low cost senior citizen housing pursuant to a comprehensive plan." See, Beyer v. Burns, 567 N.Y.S. 2d 599, 601 (Sup. Ct., Albany County 1991).

Moreover, the Fair Housing Amendments preclude municipal discrimination in zoning, even if a municipality's master plan allows for assisted living uses in restricted zones in the municipality. A municipality's failure to respond to a rezoning request is not only actionable but indefensible under this Act.

The assisted living use will provide a tangible benefit to Englewood because all new assisted living facilities in New Jersey are required to attain and retain 10% of their beds for Medicaid-eligible persons. See, N.J.S.A. 26:2H-12.16 to -12.21. Englewood thus will receive the

4

benefit of affordable housing unit credits for these beds. These beds also will provide a benefit to the community as a whole in meeting a need for affordable assisted living for those in need of this care.

As we have discussed, the rezoning of a particular parcel to allow for a use which provides the opportunity for affordable housing is also a justification which precludes a "spot zoning" challenge. The Township of Teaneck recently rezoned several isolated parcels in residential zoning districts to allow for the development of projects with affordable housing components after being advised by the Township's professionals that it was not only permissible but also advantageous to do so. That such projects are insulated from claims of spot zoning is a general principle of planning and is not a subject for debate.

In conclusion, the proposed zoning change would provide a benefit to the community that would advance public policies that Congress and our state constitution has mandated municipalities must advance, thus negating the contention that it is a spot zoning ordinance.

214218623v1