L



Thomas J. Herten
*Member of New Jersey
and New York Bars*
therten@archerlaw.com
201-498-8502 (Ext. 7502) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
www.archerlaw.com

June 20, 2019

**EMAIL: wjb@huntingtonbailey.com AND REGULAR MAIL**

William Bailey, Esq.
Huntington Bailey
373 Kinderkamack Road
Westwood, NJ 07675

      Re:    CareOne Assisted Living
                Block 1902, Lots 5.01, 7 and 8
                431 E. Palisade Avenue and 7 North Woodland Street

Dear Mr. Bailey:

      As you are aware, this firm represents 431 E. Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC (collectively "CareOne"). In that capacity, we had informally pursued an application to amend Englewood's ordinances to permit an assisted living residence on my client's properties and, thereafter, on January 14, 2019 we filed with the City of Englewood a formal application in that regard with respect to my client's property known as Block 1902, Lots 5.01, 7 and 8. We made a formal presentation to the Mayor and Council on May 7, 2019, after making formal submissions on May 3, 2019 (all marked into the record as A1 through A16). We thereafter presented a Transcript of the Hearing to the Mayor and Council by letter dated May 10, 2019.

      By way of additional update, attached please find a copy of the Certificate of Need granted to CareOne by the State of New Jersey Department of Health for the establishment of an assisted living residence to be located on my client's property. The Certificate of Need was mentioned at the May 7, 2019 hearing as evidence of the State's conclusion that there is a site specific need for this type of facility on property designated as 431 E. Palisade Avenue in the City of Englewood (my client's property). Although a public record, the Certificate of Need should be included as a supplement to the record.

      Since May 7, 2019, CareOne has heard nothing from the City and the matter has not appeared on any of the Council's agendas. Recently, Council President Glynn has informed my client that she is not supportive of our client's application to amend the City's Ordinances, as

William Bailey, Esq.
June 20, 2019
Page 2

required by federal law, to allow the proposed use on my client's property and she indicated that there was insufficient support by the Council as a body to grant the amendment. She intimated that further efforts in that regard would be fruitless at the Council level. Based on the above, it appears that further public discussion would be meaningless and an unwelcome intrusion on the Council's busy agenda at this time. Accordingly, unless we are advised to the contrary in writing by 5:00 P.M. on Wednesday, June 26, 2019, we will proceed as if my client's application has been denied by the City Council.

Very truly yours,

THOMAS J. HERTEN

TJH:ev

cc:   CareOne Management, LLC – via e-mail

216632837v1