# ANTONELLI KANTOR P.C.
## ATTORNEYS AT LAW

DANIEL ANTONELLI*
*PARTNER*

JARRID H. KANTOR*
*PARTNER*

YULIEIKA TAMAYO*
*PARTNER*

DEBRA M. MCGARVEY*
*ASSOCIATE*

CHARLES R. G. SIMMONS*
*ASSOCIATE*

DANIEL H. KLINE
*ASSOCIATE*

VIVIAN LEKKAS*
*OF COUNSEL*

*ADMITTED NJ & NY*

1000 STUYVESANT AVE
SUITE #1
UNION, NJ 07083
Main: (908) 623-3676
Fax: (908) 866-0336
www.aknjlaw.com

*WRITER'S CONTACT:*
Direct: 908-623-3672
Email: dantonelli@aknjlaw.com

July 23, 2019

**Via ECF:**
Hon. Brian R. Martinotti, U.S.D.J.
United States District Court – Newark
Martin Luther King Building & U.S. Courthouse
50 Walnut St., #4015
Newark, NJ 07102

> **Re: 431 E. Palisade Avenue Real Estate, LLC v. City of Englewood, et al.**
> **Docket No.: 2:19-cv-14515**

Dear Judge Martinotti,

  As you are aware, we were recently retained to represent Defendants City of Englewood and City Council of Englewood ("Defendants") in this matter. In accordance with Your Honor's direction at the July 18, 2019 conference, Plaintiffs' counsel submitted a proposed form of Order to our office. Yesterday, we responded to Plaintiffs' counsel with our requested changes while indicating our objection to the Order in its entirety.

  Notwithstanding our objections to the proposed form of Order, City Council has already placed this item on its agenda for tonight's meeting to consider Plaintiff's request. We respectfully and strongly believe that such an Order would be in violation of various laws, including but not limited to, the Municipal Land Use Law. The basis of our position is set forth in our letter to Plaintiffs' counsel, which is attached for your review. (See **Exhibit 1**). We also believe that such an Order is not necessary and recommend that the parties simply confer for a briefing schedule to be discussed during tomorrow's phone conference.

Hon. Brian R. Martinotti, U.S.D.J.
July 23, 2019
Page 2

To the extent Your Honor is inclined to enter the Order, we request that our proposed changes be incorporated as indicated in our letter to counsel. Moreover, we inadvertently omitted an additional proposed revision to Plaintiffs' counsel's proposed Order, which the Court had agreed to at the July 18, 2019 conference relating to supplementing the City Council's resolution. Therefore, we request that the proposed Order also include language to the effect of, "The Defendants have a right to prepare a memorializing Resolution dependent on the action taken at the meeting and shall have the right to supplement the Resolution with further information in the future, which will be considered as if a part of the Resolution in the first instance." We have included a revised Proposed Order incorporating our changes to Plaintiffs' Order and including this additional language for the Court's convenience. (See **Exhibit 2**).

Today, we received an email from Plaintiff with another revised proposed form of Order, which we have enclosed for your reference. (See **Exhibit 3**). Unfortunately, we are not able to agree to this proposed form of Order for the reasons previously stated in our letter to Plaintiffs' counsel.

We look forward to discussing this issue with the Court and request further guidance from the Court at this time. We thank Your Honor for your continued attention to this matter.

Respectfully submitted,

/s/ Daniel Antonelli
Daniel Antonelli

cc: Warren Usatine, Esq. (via ECF)
    Michael Yellin, Esq. (via ECF)
    William Bailey, Esq. (via email)
    Levi Kool, Esq. (via email)
    A. Kimberly Hoffman, Esq. (via email)

# EXHIBIT "1"

# ANTONELLI KANTOR P.C.
## ATTORNEYS AT LAW

DANIEL ANTONELLI*
*PARTNER*

JARRID H. KANTOR*
*PARTNER*

YULIEIKA TAMAYO*
*PARTNER*

DEBRA M. MCGARVEY*
*ASSOCIATE*

CHARLES R. G. SIMMONS*
*ASSOCIATE*

DANIEL H. KLINE
*ASSOCIATE*

VIVIAN LEKKAS*
*OF COUNSEL*

*ADMITTED NJ & NY

1000 STUYVESANT AVE
SUITE #1
UNION, NJ 07083
Main: (908) 623-3676
Fax: (908) 866-0336
www.aknjlaw.com

*WRITER'S CONTACT:*
Direct: 908-623-3672
Email: dantonelli@aknjlaw.com

July 22, 2019

**Via email**
Warren A. Usatine, Esq.
Michael R. Yellin, Esq.
Cole Schotz, P.C.
Court Plaza North
25 Main Street
Hackensack, N.J. 07601

> Re: 431 E. Palisade Avenue Real Estate, LLC v. City of Englewood, et al.
> Docket No.: 2:19-cv-14515

Dear Counsel:

As you are aware, we have been retained to represent Defendants City of Englewood and City Council of Englewood ("Defendants") in this matter. First, please note that we object to the Court's entering of this Order and believe that such an Order violates various notice and other procedural provisions of the Municipal Land Use Law ("MLUL"), N.J.S.A. 40:55D-1. et. seq., and other laws, some of which are identified below. As such, Defendants reserve all rights and remedies with respect to same. However, as Judge Martinotti indicated he will be entering the Order on his own motion, we have enclosed proposed changes to the Order pursuant to the Court's intent as expressed at the July 18, 2019 conference and pursuant to the applicable law.

After further research and review of this matter, it is clear that if the Court compels the City Council to issue a decision on Plaintiff's request to amend the zoning ordinance on July 23, 2019, at a minimum, such action would violate the MLUL both with regard to notice and other

Warren A. Usatine, Esq.
Michael R. Yellin, Esq.
July 22, 2019
Page 2

procedural requirements. By way of example only, N.J.S.A. 40:55D-62.1 requires notice of a hearing on an amendment to the zoning ordinance of at least 10 days prior to the hearing by the municipal clerk. Moreover, prior to the hearing on adopting or an amendment to a zoning ordinance, the governing body shall refer any such proposed ordinance or amendment to the planning board. N.J.S.A. 40:55D-64. The Planning board must thereafter transmit to the governing body, within 35 days of referral, a report including identification of any provisions which are inconsistent with the master plan and recommendations. N.J.S.A. 40:55D-26.

While certainly amendments to ordinances can be adopted by the governing body, the City Council had no duty to take any action on such request. See generally, N.J.S.A. 40:55D-62(a); see also Myers v. Ocean City Zoning Bd. of Adjustment, 439 N.J. Super. 96 (App. Div. 2015) (nothing in the plain language of the statute requires a governing body to affirmatively act or to provide reasons for its inaction; If the Legislature had intended to require a governing body to respond to a master plan change, it presumably would have imposed deadlines for such action, as it has in so many other instances in the Municipal Land Use Act). In Finn v. Wayne Tp., 45 N.J. Super. 375, 379 (App. Div. 1957), the Court held that "although the authority exists to adopt a zoning ordinance, the determination to do so or to refrain therefrom rests in the discretion of the governing body. Courts have no general supervisory power over the exercise of that discretion." While plaintiffs in that case argued that the inaction of the committee left them without remedy in the wake of discriminatory action against their property, the Appellate Division noted that the variance procedure pursuant to N.J.S.A. 40:55-39, was open to them. As such, the Court cannot compel such a decision to occur on July 23, 2019 nor should it circumvent the procedural requirements as set forth in the MLUL.

Notwithstanding same, Judge Martinotti's intent was to compel the Defendants to render a decision as to Plaintiff's request for re-zoning of the City's Ordinance on July 23, 2019, and the enclosed revisions to the proposed Order are made based upon the below.

Preliminarily, Plaintiffs' "application" before the Council was merely a request to amend the zoning ordinance. As such, any language attempting to compel the City to render a decision on a purported request for a reasonable accommodation is beyond the Court's intent, and any such language has been stricken from the proposed Order.

Even assuming *arguendo*, Plaintiffs had made an appropriate request for a reasonable accommodation, such request must be made before the Zoning Board of Adjustment, not the City Council. In Community Services, Inc. v. Heidelberg Tp., 439 F.Supp.2d 380, 398 (M.D. Pa. 2006), cited to by Plaintiffs in their brief in support of the pending Order to Show Cause, the court noted that the "FHA also requires that **local land use boards** make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [handicapped individuals] equal opportunity to use and enjoy a dwelling." The court specifically stated, "A plaintiff bringing a reasonable accommodation claim must first seek redress from the land use authority before commencing suit." Id. In Lapid-Laurel, LLC v. Zoning Bd. of Adjustment of Twp. of Scotch Plains, 284 F.3d 442, n. 5 (3d Cir. 2002), the Third Circuit recognized that its holding assumes that "plaintiffs who bring reasonable accommodations claims

Warren A. Usatine, Esq.
Michael R. Yellin, Esq.
July 22, 2019
Page 3

against localities must usually first seek redress through variance applications to the local land use authority." To the extent Plaintiffs argue that bringing such a request to the Zoning Board of Adjustment would be futile, even if this was the applicable standard to be applied, such a determination cannot be made until the matter is fully briefed by the parties. In short, Plaintiffs would not be entitled to such a determination as of right and therefore, a Court order compelling it to render such a decision would be inappropriate. As the Plaintiffs did not bring any application before the Zoning Board of Adjustment, the Defendants cannot be compelled to render a decision on a request for a reasonable accommodation.

Based upon the foregoing, appropriate amendments have been made to the proposed form of Order. If you would like to discuss further, do not hesitate to contact me.

Very truly yours,

Daniel Antonelli

cc: William Bailey, Esq. (via email)
    Levi Kool, Esq. (via email)
    A. Kimberly Hoffman, Esq. (via email)

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC AND 7 NORTH WOODLAND STREET, LLC, ON BEHALF OF THEMSELVES AND PROSPECTIVE RESIDENTS, JOHN AND JANE DOES 1-10<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ENGLEWOOD AND CITY COUNCIL OF ENGLEWOOD,<br><br>Defendants. | Civil Action No. 2:19-cv-14515 (BRM) (JD)<br><br>**ORDER** |

THIS MATTER having been brought before the Court by Cole Schotz P.C., attorneys for plaintiffs, 431 E Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC ("Plaintiffs"), on behalf of themselves and prospective residents John and Jane Does 1-10, seeking relief by way of a preliminary injunction based upon the facts set forth in the Verified Complaint (Doc. No. 1) and the Certification of Thomas Herten, Esq., filed with the Court on June 28, 2019 (Doc. No. 2); and the Court having held a status conference with counsel for all parties on July 19, 2019; and the Court on its own motion having determined that this Order should be entered; and for good cause shown,

IT IS on this _____ day of July 2019,

ORDERED that at the July 23, 2019 meeting of the City Council of Englewood (the "Council"), the Council, without waiving any of its rights or potential defenses, shall issue a decision either approving or denying the Plaintiffs' January 14, 2019 written request application for a reasonable accommodation under the Fair Housing Amendments Act and seeking an

47967/0023-17593247v1

amendment to the City's zoning code ~~(the "Application")~~, which ~~application~~ was further elaborated upon in a May 2, 2019 letter from Thomas Herten, Esq. to the Council and in the public presentation before the Council on May 7, 2019; and it is further

ORDERED that a telephonic status conference is scheduled with the Court on July 24, 2019 at 3:00 p.m., at which time: (i) counsel for the City of Englewood and the Council shall advise the Court and all parties of the Council's decision on Plaintiff's request to amend the City's zoning code ~~the Application~~; and (ii) counsel for the Plaintiffs shall advise the Court and all parties as to whether Plaintiffs were able to obtain an extension of the August 9, 2019 deadline imposed by their purchase agreement for a portion of the Property (as defined in the Verified Complaint); and it is further

ORDERED that the Court shall set a schedule for briefing and consideration of Plaintiffs' application for preliminary injunctive relief during the July 24, 2019 teleconference; and it is further

ORDERED that counsel for the Plaintiffs shall serve a copy of this Order on all counsel who have not yet entered an appearance in this matter.

                                                         HONORABLE BRIAN R. MARTINOTTI, U.S.D.J

# EXHIBIT "2"

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC AND 7 NORTH WOODLAND STREET, LLC, ON BEHALF OF THEMSELVES AND PROSPECTIVE RESIDENTS, JOHN AND JANE DOES 1-10<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ENGLEWOOD AND CITY COUNCIL OF ENGLEWOOD,<br><br>Defendants. | Civil Action No. 2:19-cv-14515 (BRM) (JD)<br><br>**ORDER** |

THIS MATTER having been brought before the Court by Cole Schotz P.C., attorneys for plaintiffs, 431 E Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC ("Plaintiffs"), on behalf of themselves and prospective residents John and Jane Does 1-10, seeking relief by way of a preliminary injunction based upon the facts set forth in the Verified Complaint (Doc. No. 1) and the Certification of Thomas Herten, Esq., filed with the Court on June 28, 2019 (Doc. No. 2); and the Court having held a status conference with counsel for all parties on July 19, 2019; and the Court on its own motion having determined that this Order should be entered; and for good cause shown,

IT IS on this _____ day of July 2019,

ORDERED that at the July 23, 2019 meeting of the City Council of Englewood (the "Council"), the Council, without waiving any of its rights or potential defenses, shall issue a decision either approving or denying the Plaintiffs' January 14, 2019 written request seeking an amendment to the City's zoning code, which was further elaborated upon in a May 2, 2019 letter

47967/0023-17593247v1

from Thomas Herten, Esq. to the Council and in the public presentation before the Council on May 7, 2019; and it is further

ORDERED that the Defendants shall have a right to prepare a memorializing Resolution dependent on the action taken at the meeting and shall have the right to supplement the Resolution with further information in the future, which will be considered as if a part of the Resolution in the first instance; and it is further

ORDERED that a telephonic status conference is scheduled with the Court on July 24, 2019 at 3:00 p.m., at which time: (i) counsel for the City of Englewood and the Council shall advise the Court and all parties of the Council's decision on Plaintiff's request to amend the City's zoning code; and (ii) counsel for the Plaintiffs shall advise the Court and all parties as to whether Plaintiffs were able to obtain an extension of the August 9, 2019 deadline imposed by their purchase agreement for a portion of the Property (as defined in the Verified Complaint); and it is further

ORDERED that the Court shall set a schedule for briefing and consideration of Plaintiffs' application for preliminary injunctive relief during the July 24, 2019 teleconference; and it is further

ORDERED that counsel for the Plaintiffs shall serve a copy of this Order on all counsel who have not yet entered an appearance in this matter.

HONORABLE BRIAN R. MARTINOTTI, U.S.D.J

EXHIBIT "3"

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC AND 7 NORTH WOODLAND STREET, LLC, ON BEHALF OF THEMSELVES AND PROSPECTIVE RESIDENTS, JOHN AND JANE DOES 1-10<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ENGLEWOOD AND CITY COUNCIL OF ENGLEWOOD,<br><br>Defendants. | Civil Action No. 2:19-cv-14515 (BRM) (JD)<br><br>**ORDER** |

THIS MATTER having been brought before the Court by Cole Schotz P.C., attorneys for plaintiffs, 431 E Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC ("Plaintiffs"), on behalf of themselves and prospective residents John and Jane Does 1-10, seeking relief by way of a preliminary injunction based upon the facts set forth in the Verified Complaint (Doc. No. 1) and the Certification of Thomas Herten, Esq., filed with the Court on June 28, 2019 (Doc. No. 2); and the Court having held a status conference with counsel for all parties on July 19, 2019; and the Court on its own motion having determined that this Order should be entered; and for good cause shown,

IT IS on this _____ day of July 2019,

ORDERED that at the July 23, 2019 meeting of the City Council of Englewood (the "Council"), the Council, without waiving any of its rights or potential defenses, shall issue a decision either approving or denying the Plaintiffs' January 14, 2019 written submission, termed a formal application, based inter alia on the provisions of the Fair Housing Amendments Act

47967/0023-17593247v3

seeking an amendment to the City's zoning code ("Formal Application"), which Formal Application was further elaborated upon in a May 2, 2019 letter from Thomas Herten, Esq. to the Council and in the public presentation before the Council on May 7, 2019 (the "Subsequent Proceedings"); and it is further

ORDERED that a telephonic status conference is scheduled with the Court on July 24, 2019 at 3:00 p.m., at which time: (i) counsel for the City of Englewood and the Council shall advise the Court and all parties of the Council's decision on Plaintiff's request to amend the City's zoning code set forth in the Formal Application and the Subsequent Proceedings; and (ii) counsel for the Plaintiffs shall advise the Court and all parties as to whether Plaintiffs were able to obtain an extension of the August 9, 2019 deadline imposed by their purchase agreement for a portion of the Property (as defined in the Verified Complaint); and it is further

ORDERED that the Court shall set a schedule for briefing and consideration of Plaintiffs' application for preliminary injunctive relief during the July 24, 2019 teleconference; and it is further

ORDERED that counsel for the Plaintiffs shall serve a copy of this Order on all counsel who have not yet entered an appearance in this matter.

HONORABLE BRIAN R. MARTINOTTI, U.S.D.J

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC AND 7 NORTH WOODLAND STREET, LLC, ON BEHALF OF THEMSELVES AND PROSPECTIVE RESIDENTS, JOHN AND JANE DOES 1-10<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ENGLEWOOD AND CITY COUNCIL OF ENGLEWOOD,<br><br>Defendants. | Civil Action No. 2:19-cv-14515 (BRM) (JD)<br><br>**ORDER** |

THIS MATTER having been brought before the Court by Cole Schotz P.C., attorneys for plaintiffs, 431 E Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC ("Plaintiffs"), on behalf of themselves and prospective residents John and Jane Does 1-10, seeking relief by way of a preliminary injunction based upon the facts set forth in the Verified Complaint (Doc. No. 1) and the Certification of Thomas Herten, Esq., filed with the Court on June 28, 2019 (Doc. No. 2); and the Court having held a status conference with counsel for all parties on July 19, 2019; and the Court on its own motion having determined that this Order should be entered; and for good cause shown,

IT IS on this _____ day of July 2019,

ORDERED that at the July 23, 2019 meeting of the City Council of Englewood (the "Council"), the Council, without waiving any of its rights or potential defenses, shall issue a decision either approving or denying the Plaintiffs' January 14, 2019 written ~~request~~ submission, termed a formal application, based inter alia on the provisions of the Fair Housing Amendments

47967/0023-17593247v~~2~~3

Act seeking an amendment to the City's zoning code ("Formal Application"), which Formal Application was further elaborated upon in a May 2, 2019 letter from Thomas Herten, Esq. to the Council and in the public presentation before the Council on May 7, 2019 (the "Subsequent Proceedings"); and it is further

ORDERED that a telephonic status conference is scheduled with the Court on July 24, 2019 at 3:00 p.m., at which time: (i) counsel for the City of Englewood and the Council shall advise the Court and all parties of the Council's decision on Plaintiff's request to amend the City's zoning code set forth in the Formal Application and the Subsequent Proceedings; and (ii) counsel for the Plaintiffs shall advise the Court and all parties as to whether Plaintiffs were able to obtain an extension of the August 9, 2019 deadline imposed by their purchase agreement for a portion of the Property (as defined in the Verified Complaint); and it is further

ORDERED that the Court shall set a schedule for briefing and consideration of Plaintiffs' application for preliminary injunctive relief during the July 24, 2019 teleconference; and it is further

ORDERED that counsel for the Plaintiffs shall serve a copy of this Order on all counsel who have not yet entered an appearance in this matter.

HONORABLE BRIAN R. MARTINOTTI, U.S.D.J