**ANTONELLI KANTOR, P.C.**
Daniel Antonelli (00684-1997)
Vivian Lekkas (01487-2009)
1000 Stuyvesant Avenue, Suite #1
Union, New Jersey 07083
Tel.: 908-623-3676
Fax: 908-866-0336
Attorneys for Defendants,
City of Englewood and City Council of Englewood

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC and 7 NORTH WOODLAND STREET, LLC, on behalf of themselves and prospective residents, JOHN and JANE DOES 1-10<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF ENGLEWOOD, and CITY COUNCIL OF ENGLEWOOD,<br><br>   Defendants. | CIVIL ACTION<br><br>Civil Action No.: 2:19-cv-14515-BRM-JAD<br><br>**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT, SEPARATE AND AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendants, City of Englewood and City Council of Englewood, (collectively "Defendants" or the "City"), by their attorneys, Antonelli Kantor, P.C., hereby Answer the Verified Complaint of Plaintiffs, 431 E Palisades Avenue Real Estate LLC, and 7 North Woodland Street, LLC (collectively "Plaintiffs") as follows:

## I.    INTRODUCTION

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied to the extent that Defendants' alleged actions are discriminatory and/or unconstitutional. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

5.    Denied.

6.    Defendants neither admit nor deny the allegations regarding whether the Facility will reasonably accommodate housing for elderly, handicapped persons as Defendants lack knowledge or information sufficient to form a belief about the truth of the matter. Denied to the extent that the City imposes a substantial burden on religious exercise. Denied that the Code excludes those uses from all residentially zoned land in the City and denied that as a result, no assisted living or memory care homes exist in any of the City's residential areas. The Bristal Assisted Living Facility, an assisted living facility, is located in the RIM zone, which permits senior housing and already encompasses several multifamily residential complexes. Upon further information and belief, the Actors Fund Home, a skilled nursing facility, memory care facility, and assisted living facility, is located in the R-D zone (one-family residence district), which is an outright residential zone. Both the Bristal Assisted Living Facility and the Actors Fund Home are located in the City.

7.    Denied to the extent that the City's alleged actions are discriminatory. Defendants neither admit nor deny the remainder of the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2

8.      Denied to the extent that Plaintiffs' time-period to obtain necessary approvals for the facility will expire on August 9, 2019. Upon information and belief, the current date is beyond August 9, 2019, and Plaintiffs received an extension for the contract of sale. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

9.      Denied to the extent that the City's zoning laws or policies result in the segregation of elderly and handicapped residents into industrial areas. Denied to the extent that the City's zoning laws or policies impermissibly burden religious exercise and institutions. Defendants neither admit nor deny the remainder of the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

10.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

**II.      JURISDICTION AND VENUE**

11.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

12.     Denied as to claims arising under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* Specifically, N.J.S.A. 10:5-12.5 states that the New Jersey Superior Court has exclusive jurisdiction of these claims. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

13.     Admit to the extent that Defendants are a body politic within the District of New Jersey and Defendants are located and operate within the District of New Jersey. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

**III.     THE PARTIES**

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation, which was not contained in the record below. Defendants leave Plaintiffs to their proofs of same.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation, which was not contained in the record below. Defendants leave Plaintiffs to their proofs of same.

16. Admit to the extent that the City is a municipal corporation with an address of 2-10 North Van Buren Street, Englewood, New Jersey 07631. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

17. Admit that the Council is a municipal legislative body with an address of 2-10 North Van Buren Street, Englewood, New Jersey 07631. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

## IV.   BACKGROUND AND FACTS

### A.  Overview

18. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

19. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

20. Denied to the extent that the Facility will provide the only assisted living and memory care option in any of the City's residential zones. Defendants neither admit nor deny the remainder of the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

4

21.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

22.     Denied.

23.     Denied.

24.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

25.     Denied to the extent that the Code imposes a substantial burden on religious exercise. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

26.     Denied.

    a.     Denied.

    b.     Denied.

    c.     Denied.

27.     Denied to the extent that irreparable harm will occur by August 9, 2019. The current date is beyond August 9, 2019, and upon information and belief, Plaintiffs received an extension for the contract of sale. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**B.   The City Allegedly Impermissibly Zones Elder Care Out of Residential Districts Even Though the City's Master Plan Acknowledges that Citizens Require Assisted Living and Memory Care Services**

28.     Admit to the extent that in 2014, the City amended its Master Plan. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

29.     Denied to the extent that the Master Plan states the City's elderly population is large. Denied to the extent that "14% is 65 and above" is a true and accurate quote from Plaintiffs' citation. See Herten Cert. ¶ 2, Ex. B at pp. 27-28. Denied to the extent that an increase of "more than 20% over the past ten years" only refers to the elderly population. Id. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the challenges the City's aging population presents, as "aging population" and "challenges" are ambiguous terms that are not defined by Plaintiffs, and Defendants neither admit nor deny same. Denied to the extent that the Master plan calls for more senior housing as one of its objectives, as the Master Plan Objective 6 No. 2 states "Consider senior-oriented development". See Herten Cert. ¶ 2, Ex. B at 72. Denied to the extent that there is a correlation ("Consequently") between alleged challenges the City's aging population faces and calls for more senior housing as one of the Master Plan's objectives.

31.     Denied.

32.     Admit.

33.     Admit that the Property is zoned R-AAA. Denied as to the remainder of the allegations.

34.     Admit that the Zoning Map depicts all RIM lands as dark purple. Denied to the extent that all City RIM zones are "clustered". Denied that the RIM zoned lands are surrounded by "Light Industrial" zoned lands and a railroad track, as the RIM zone also abuts the R-1 residential zone and a Work-Live overlay zone. See Herten Cert. ¶ 2, Exhibit D (Zoning Map).

35.     Denied.

6

36.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

37.     Denied as this allegation is directly contradicted by the record evidence. See Pl.'s Compl. at ¶ 37 FN4.

38.     Denied as the RIM zone contains residential housing and allows assisted living or memory care as a use by right.

39.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

40.     Admit that an applicant seeking to build or operate an assisted living or memory care home could seek a use variance. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and the remaining allegations call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

41.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

42.     Admit to the extent that Plaintiffs further elaborate below in Section II(G). Denied to the remainder of the allegations.

43.     Defendants neither admit nor deny the allegations as the allegations are vague and ambiguous, and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

44.     Denied, as multiple assisted living or memory care homes were or are being built and currently or will in the future operate in or near a residential district in the City. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

### C. **The City Code Allegedly Burdens Orthodox Jewish Citizens' and Institutions' Religious Practices.**

45.     Denied to the extent that the City allegedly segregates assisted living and memory care homes. Denied to the extent that the City allegedly burdens the City's Orthodox Jewish population. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

46.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

47.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

48.     Admit.

49.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

50.     Denied to the extent that the Code places an unreasonable burden upon Orthodox Jews who wish to travel to or from an assisted living or memory care home on Shabbat. Denied to the extent that all RIM zoned land in the City is clustered. Denied to the extent that all RIM zoned land is in the southeast corner of the City. Defendants neither admit nor deny the allegations regarding "far from most Orthodox Jewish residential communities and synagogues" as this phrase is vague and ambiguous, and as such Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

51.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

52.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

53.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

54.     Denied to the extent that enforcement of the Code prevents Orthodox Jews from carrying anything to a friend or family member in an assisted living or memory care home on Shabbat. Admit to the extent that an Orthodox Jew could feasibly walk to an assisted living or memory care home in an RIM district. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

55.     Denied to the extent that enforcement of the Code is what precludes Orthodox Jews residing in an assisted living home in an RIM district from leaving the facility carrying anything. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

56.     Denied.

### D. Englewood Could Accommodate Residential Senior Living Near Synagogues.

57.     Admit to the extent that the City's geography, zoning scheme, or existing development pattern does provide housing for the elderly in residential areas. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

58.     Denied to the extent that the Code imposes burdens on religious practice. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

59.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

60.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

61.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

62.     Defendants neither admit nor deny the allegations as the allegations are vague and ambiguous and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

63.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

64.     Admit to the extent that the location mentioned by Plaintiffs is where the Property is situated. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

65.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

66.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

67.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

68.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**E.   The Property and its Surroundings**

69.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

70.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

71.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

72.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

73.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

74.     Admit to the extent that the Dwight Englewood/Elizabeth Morrow School borders the Property on the West side. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

75.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

76.     Admit to the extent that to the East of the Property lies the Borough of Englewood Cliffs. Admit to the extent that a portion of the Property lies in the Borough of Englewood Cliffs. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

77.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**F.  The Agreement of Sale**

78.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

79. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

80. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

81. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

82. Denied to the extent that Seller's termination of the Agreement of Sale would be entirely the result of the City's enforcement of the Code. Denied to the extent that the Code is unconstitutional. Defendants neither admit nor deny the remainder of the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

83. Denied to the extent that John and Jane Does 1-10 are nonexistent persons and therefore do not have physical needs. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

### G. **The Facility**

84. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

85. Denied to the extent that the proposed Facility is located in the R-AA (residential), zoning district. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

86. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

87. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

88.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

89.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

90.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

91.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

92.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

93.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

94.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

95.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

96.     Denied to the extent that the Code imposes a substantial burden on religious exercise. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

### H. **The Application Process and Public Hearings.**

97.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

98.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

99.    Admit.

100.    Defendants neither admit nor deny the allegations as the Application is vague and ambiguous Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

101.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

102.    Denied to the extent that Defendants refused to act on the Application. Admit to the extent that Defendants raised concerns about spot zoning. Denied to the extent that Plaintiffs demanded that Plaintiffs pursue numerous variances through the Board of Adjustment. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

103.    Admit to the extent that Plaintiffs' submitted a request for rezoning submission on January 14, 2019. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

104.    Admit to the extent that Defendants recommended that Plaintiffs apply to the Board of Adjustment. Denied as to the remainder of the allegations.

105.    Admit to the extent that Plaintiffs have not made an application to the Board of Adjustment. Denied to the extent that the City demanded Plaintiffs make an application to the Board of Adjustment. Denied to the extent that an application to the Board of Adjustment would be futile.

106.    Admit to the extent that any process to obtain a use variance differs from the rezoning process. Defendants neither admit nor deny the remaining allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

107. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

108. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

109. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

110. Denied.

111. Denied to the extent that the Code impermissibly clusters handicapped persons into a commercial district. Defendants neither admit nor deny the remaining allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

112. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

113. Denied to the extent that the Code creates any hardship to the Property. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

114. Denied to the extent that an application to the Board of Adjustments would be futile. Denied to the extent that the Code is facially unconstitutional and/or discriminatory. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

115. Denied to the extent that Defendants attempted to avoid Council action on the Application. Defendants neither admit nor deny the remaining allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

116.    Admit to the extent that on March 15, 2018, Plaintiffs' counsel, Thomas Herten, Esq., submitted a Spot Zoning Memo. Defendants neither admit nor deny the remaining allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

117.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

118.    Admit to the extent that Council agreed to allow a public presentation on May 7, 2019. Admit that no rezoning ordinance had been introduced at the May 7, 2019 Council meeting. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

119.    Admit that on May 2, 2019, Mr. Herten submitted a letter to Council explaining the Application. Admit to the extent that the Letter included the following documentation, in addition to the Spot Zoning Memo. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

     a.   Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

     b.   Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

     c.   Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

     d.   Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

     e.   Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

f.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

g.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

h.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

i.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

j.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

k.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

l.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

m.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

n.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

o.  Defendants neither admit nor deny the allegations and Plaintiffs are left to their proofs.

120.  Admit.

121.  Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

122.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

123.    Denied to the extent that any witness gave testimony at the May 7, 2019 hearing. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

124.    Denied to the extent that any witness gave testimony at the May 2019 Hearing. Denied to the extent that the Code imposes an impermissible burden on religious exercise by persons and religious institutions in the City. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

125.    Denied to the extent that the City practices exclusionary zoning. Denied to the extent that the Code violas, *inter alia*, the FHAA and RLUIPA. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

126.    Admit.

127.    Admit to the extent that Wayne Scott is the City's Zoning Officer and that Wayne Scott made comments during the public comment portion of the May 2019 Hearing. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

128.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

129.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

130.    Denied.

131.    Denied.

132.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

133.    Admit that at the conclusion of the May 2019 Hearing public comments were made by City residents. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

134.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

135.    Denied.

**I.    The City Allegedly Still Refuses to Act on the Application to the Detriment of Plaintiffs and Their Prospective Residents.**

136.    Denied.

137.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

138.    Denied to the extent that Council's actions deny Plaintiffs a reasonable accommodation in any residential district in the City. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

139.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

140.    Denied.

141.    Denied to the extent that Council acted to illegally. Denied to the extent that Council denied a reasonable accommodation. Denied that Plaintiffs application to the Board of Adjustment would be futile. Defendants neither admit nor deny the remaining allegations as

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

142.   Denied.

143.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

144.   Denied to the extent that Defendants' actions are causing Plaintiffs to suffer substantial economic damages, including substantial lost profits. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

145.   Denied to the extent that Defendants' conduct was in clear dereliction of duty. Denied to the extent that Defendants' conduct was intentionally taken. Denied that Defendants' conduct was in bad faith. Defendants neither admit nor deny the remaining allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

146.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

147.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

### FIRST CLAIM FOR RELIEF
**(Violation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*)**

148.   Defendants repeat and incorporate by reference each and every of their previous responses provided herein.

149.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

150.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

151.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

152.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Furthermore, Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

153.     Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

154.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

155.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

156.     Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## SECOND CLAIM FOR RELIEF
### (Violation of the Fair Housing Act of 1988, 42 U.S.C. § 3601, *et seq.*)

157.     Defendants repeat and incorporate by reference each and every of their previous responses provided herein.

158.     Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

159.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

160.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

161.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

162.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

163.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

164.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

165.    Admit to the extent that Plaintiffs were referred to the Board of Adjustment. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

166.    Denied to the extent that the Code is facially discriminatory. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

167.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

168.    Denied to the extent that the City committed illegal zoning. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

169.   Denied to the extent that the Code is facially illegal and/or discriminatory. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

170.   Denied.

171.   Denied.

172.   Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

### THIRD CLAIM FOR RELIEF
**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*)**

173.   Defendants repeat and incorporate by reference each and every of their previous responses provided herein.

174.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

175.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

176.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

177.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

178.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

179.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

180.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

181.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

182.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

183.    Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

### FOURTH CLAIM FOR RELIEF
**(Violation of 42 U.S.C. § 1983 – Policy Decisions by the Council)**

184.    All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

185.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

186.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

191.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

24

192.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

### FIFTH CLAIM FOR RELIEF
**(Violation of 42 U.S.C. § 1983 – Rule/Regulation Promulgated by the Council)**

198.   All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

199.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

200.   Denied.

201.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

202.   Denied to the extent that the Code prevented Plaintiffs' association with handicapped persons. Denied that the Code has the effect of preventing Plaintiffs' association with handicapped persons. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

203.    Denied to the extent that the alleged actions of the Council and/or the Code effectuates discrimination against handicapped persons. Denied to the Extent that the alleged actions of the Council and/or the code has the effect of discrimination against handicapped persons. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

204.    Denied to the extent that the alleged actions of the Council and/or the Code violated Plaintiffs' rights. Denied to the extent that the alleged actions of the Council and/or the code have the effect of violating Plaintiffs' rights. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

205.    Denied to the extent that the alleged actions of the Council and/or the Code violate Plaintiffs' residents' rights. Denied to the extent that the alleged actions of the Council and/or the code have the effect of violating Plaintiffs' residents' rights. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

206.    Denied.

207.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

208.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.   Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## SIXTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Violations of the Fifth and Fourteenth Amendments and Substantive Due Process by Council)

214.   All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

215.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

216.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

217.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

218.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

219.   Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

220.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

221.   Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

222.   Denied.

223.   Denied.

224.   Denied.

27

225.    Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

226.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

227.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

### SEVENTH CLAIM FOR RELIEF
### (Violation of State Law)

233.    All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

234.    Denied to the extent that the City palpably abused its discretionary authority. Denied to the extent that the City acted in an arbitrary and capricious manner. Admit to the extent that the City directed Plaintiffs to apply for a variance. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

235.    Denied to the extent that the City's zoning is illegal. Denied to the extent that the City zoned assisted living and memory care out of all residential districts. Defendants neither admit

nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

236. Denied to the extent that the Code is facially illegal and discriminatory. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

237. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

238. Denied to the extent that the City abused its discretion. Denied to the effect that the City effectively denied Plaintiffs' Application. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

239. Denied to the extent that the City acted in direct contravention to its zoning Code and the laws of the State of New Jersey. Defendants neither admit nor deny the remaining allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

240. Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## EIGHTH CLAIM FOR RELIEF
### (Violation of State Law)

245.    All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## NINTH CLAIM FOR RELIEF
### (Violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*)

251.    All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

252.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

253.    Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## TENTH CLAIM FOR RELIEF
**(Violation of Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc)**

259. All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Denied.

266. Defendants neither admit nor deny the allegations as they call for legal conclusions, and Defendants leave Plaintiffs to their proofs of same.

267. Denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

## ELEVENTH CLAIM FOR RELIEF
**(Violation of the Fourteenth Amendment, 42 U.S.C. § 1983)**

268. All preceding paragraphs of the Answer are incorporated by reference, as if fully set forth herein.

269. Denied.

270. Denied.

271. Denied.

31

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with reasonable attorneys' fees and costs of suit and other relief the Court deems proper.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

The Complaint, in whole or in part, is not ripe.

### THIRD SEPARATE DEFENSE

Plaintiffs lacks standing to pursue the Complaint.

### FOURTH SEPARATE DEFENSE

The Complaint, in whole or in part, is barred for failure to exhaust administrative remedies.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred for failure to file the within action with the applicable statute of limitations.

### SIXTH SEPARATE DEFENSE

The Complaint is barred because there exists an adequate remedy in State Court.

### SEVENTH SEPARATE DEFENSE

The Federal District Court should abstain from hearing this case pursuant to one or more of the Federal Abstention Doctrines.

### EIGHTH SEPARATE DEFENSE

The Complaint is barred by the doctrine of laches.

### NINTH SEPARATE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### TENTH SEPARATE DEFENSE

The Defendants enjoy qualified immunity against the Plaintiffs allegations of civil rights violations pursuant to 42 U.S.C. § 1983.

### ELEVENTH SEPARATE DEFENSE

The Defendants enjoy absolute immunity against the Plaintiffs' allegations of civil rights violations pursuant to 42 U.S.C. § 1983.

### TWELFTH SEPARATE DEFENSE

To the extent that the Plaintiffs assert a denial of constitutionally guaranteed rights under the Fifth and Fourteenth Amendments, any and all such claims are barred as Defendants' conduct does not shock the conscience or otherwise offend judicial notions of fairness nor were their actions offensive to human dignity.

### THIRTEENTH SEPARATE DEFENSE

The Federal District Court does not have jurisdiction to hear part or all of the claims in Plaintiffs' Complaint.

### FOURTEENTH SEPARATE DEFENSE

The Defendants acted within the scope of their authority pursuant to law.

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs are barred from recovery against Defendants as Plaintiffs failed to file a Tort claim with the Defendants, a public entity, within ninety (90) days of accrual of the claim.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unconscionability.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiffs are not a religious assembly or institution, and therefore lack standing to bring claims arising under 42 U.S.C. § 2000cc *et seq*.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred as Plaintiffs have not suffered any injury.

## NINETEENTH SEPARATE DEFENSE

Plaintiffs failed to mitigate their damages as required by law and equity.

## TWENTIETH SEPARATE DEFENSE

Plaintiffs failed to satisfy all of the elements necessary for the granting of injunctive relief.

## TWENTY-FIRST SEPARATE DEFENSE

Any request for a declaratory judgment improperly seeks an advisory opinion without establishing a "case or controversy" as required by U.S. Const. Art. III, § 2.

### TWENTY-SECOND SEPARATE DEFENSE

To the extent Plaintiffs' claims are based on an examination of the mental process of the municipal officials in their interpretation of the meaning of an ordinance, the claims are improper and should be barred.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred by virtue of the Doctrine of Comparative Negligence, in that the Plaintiffs' negligence was greater than the Defendants' alleged negligence, or Plaintiffs' comparative damages should be reduced by virtue of Plaintiffs' comparative negligence pursuant to N.J.S.A. 2A:15-15.1.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendants' findings of fact were not arbitrary or capricious, based upon the record established before Defendants.

### TWENTY-FIFTH SEPARATE DEFENSE

The conduct of the Answering Defendant was not the proximate cause of Plaintiffs' alleged losses, injuries or damages.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred as Plaintiffs sustained no damages.

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendants' alleged actions were consistent with the Municipal Land Use Law (N.J.S.A. 40:55D-70-1, *et. seq.*) and related case law and Constitutional rights.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendants did not deprive Plaintiffs of their right to free exercise of religion as granted by the RLUIPA and the U.S. Constitution.

### TWENTY-NINTH SEPARATE DEFENSE

The Plaintiffs did not comply with jurisdictional prerequisites for asserting their causes of action and therefore, the Complaint should be dismissed.

### THIRTIETH SEPARATE DEFENSE

Defendants owed no duty to Plaintiffs.

### THIRTY-FIRST SEPARATE DEFENSE

Defendants' conduct was pursuant to or necessary for compliance with government regulations.

### THIRTY-SECOND SEPARATE DEFENSE

The Complaint is frivolous, Defendants reserve their right to seek costs and fees incident to same.

### THIRTY-THIRD SEPARATE DEFENSE

At all times Defendants acted honestly, diligently, reasonably and in good faith in their dealings with Plaintiff.

### THIRTY-FOURTH SEPARATE DEFENSE

The Defendants did not impose or implement land use regulations that discriminated against Plaintiff on the basis of religion or religious practice or disability.

## THIRTY-FIFTH SEPARATE DEFENSE

Plaintiffs are not qualified individuals under the Americans with Disabilities Act.

## RESERVATION OF DEFENSES

Defendants reserve the right to interpose such other affirmative defenses as continuing investigation and discovery may reveal.

## ANSWERS TO CROSS-CLAIMS

The Answering Defendants deny all allegations of any and all cross-claims filed, or which may be filed in the future, against the Answering Defendants in this matter.

**ANTONELLI KANTOR, PC**
Attorneys for Defendants

By: /s/ Daniel Antonelli
        DANIEL ANTONELLI
        1000 Stuyvesant Avenue,
        Suite 1
        Union, New Jersey 07083
        Tel.: (908) 623-3676
        Dantonelli@aknjlaw.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury as to all issues so triable in this case.

## TRIAL DESIGNATION

Daniel Antonelli, Esq., is hereby designated as trial counsel for the within matter.

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

**ANTONELLI KANTOR, PC**
Attorneys for Defendants

By: /s/ Daniel Antonelli
DANIEL ANTONELLI
1000 Stuyvesant Avenue,
Suite 1
Union, New Jersey 07083
Tel.: (908) 623-3676
Dantonelli@aknjlaw.com

Dated: August 21, 2019