**ANTONELLI KANTOR, P.C.**
Daniel Antonelli (00684-1997)
Vivian Lekkas (01487-2009)
1000 Stuyvesant Avenue, Suite #1
Union, New Jersey 07083
Tel.: 908-623-3676
Fax: 908-866-0336
Attorneys for Defendants,
City of Englewood and City Council of Englewood

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC and 7 NORTH WOODLAND STREET, LLC, on behalf of themselves and prospective residents, JOHN and JANE DOES 1-10<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ENGLEWOOD, and CITY COUNCIL OF ENGLEWOOD,<br><br>    Defendants. | CIVIL ACTION<br><br>Civil Action No.: 2:19-cv-14515-BRM-JAD<br><br>**CERTIFICATION OF DANIEL ANTONELLI, ESQ.** |

I, **Daniel Antonelli, Esq.**, of full age, upon my oath, hereby certifies as follows:

1. I am a partner at the law firm of Antonelli Kantor, P.C., counsel for Defendants, City of Englewood and City Council of Englewood (collectively "Defendants"), in the above entitled action and, as such, I am familiar with the facts and circumstances set forth herein. I make this certification in support of Defendants' Brief in Opposition to Plaintiffs' Order to Show Cause and in support of Defendants' Cross-Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

2. Attached as **Exhibit "A"** is a summary chart created by our office depicting the number of beds in long-term care facilities for Englewood and surrounding areas. The data was pulled from the Department of Health website

(https://healthapps.state.nj.us/facilities/fsSearch.aspx), and put into Microsoft Excel to subtotal the number of beds by city and the percentage of beds in each of those cities as compared to the total of those cities.

3. As the website incorrectly did not list any beds whatsoever for the Bristal, our office confirmed with Mary Franck, Director of Community Relations for the Bristal, that it is licensed for 288 beds. Attached as **"Exhibit B"** is a photograph of the license.

4. The chart demonstrates that out of the surrounding areas, Englewood has the most beds with 501 (or 32% of the total from the surrounding areas). The next highest is Teaneck with 340 beds (22%), Rockleigh with 290 beds (18%), Creskill with 227 beds (14%), Tenafly with 189 beds (12%), and Bergenfield with 27 beds (2%). Some surrounding cities had no longer term care facilities at all.

5. This clearly demonstrates that there is no disparate treatment or disparate impact on account of the City's ordinances as asserted by Plaintiffs.

6. Attached as **"Exhibit C"** is a true and accurate copy of the unpublished decision in Pennsylvania Care, LLC v. Borough, Case No. 10-0956, 2010 WL 4955601 (M.D. Pa. Nov. 30, 2010).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: /s/ Daniel Antonelli<br>
Daniel Antonelli

Dated: August 21, 2019

# EXHIBIT "A"

# SUMMARY CHART DEPICTING LONG-TERM CARE FACILITY DATA OF ENGLEWOOD AND SURROUNDING AREAS FROM THE NEW JERSEY DEPARTMENT OF HEALTH WEBSITE

| City | Facility | Type | Beds | % of Beds to Total Surrounding Area |
|---|---|---|---|---|
| Englewood | The Actors' Fund Homes | Long Term Care Facility | 107 | |
| Englewood | The Actors' Fund Homes | Comprehensive Personal Care Home | 44 | |
| Englewood | Bristal At Englewood, The | Assisted Living Residence* | 288 | |
| Englewood | Inglemoor Center | Long Term Care Facility | 62 | |
| | | **TOTAL** | **501** | **32%** |
| Bergenfield | La Paula At Main, Llc | Residential Dementia Care Home | 15 | |
| Bergenfield | La Paula Manor Corp | Residential Dementia Care Home | 12 | |
| | | **TOTAL** | **27** | **2%** |
| Cresskill | Sunrise Assisted Living Of Cresskill | Assisted Living Residence | 99 | |
| Cresskill | Care One at Cresskill | Long Term Care Facility | 113 | |
| Cresskill | Fox Trail Memory Care Living Cresskill | Residential Dementia Care Home | 15 | |
| | | **TOTAL** | **227** | **14%** |
| Rockleigh | Bergen County Health Care Center | Long Term Care Facility | 110 | |
| Rockleigh | Jewish Home At Rockleigh | Long Term Care Facility | 180 | |
| | | **TOTAL** | **290** | **18%** |
| Teaneck | Bright Side Manor | Comprehensive Personal Care Home | 65 | |
| Teaneck | Care One At Teaneck | Long Term Care Facility | 128 | |
| Teaneck | Five Star Premier Residences of Teaneck | Assisted Living Residence | 40 | |
| Teaneck | Teaneck Nursing Center | Long Term Care Facility | 107 | |
| | | **TOTAL** | **340** | **22%** |
| Tenafly | County Manor Rehabilitation and Health Care Center | Long Term Care Facility | 69 | |
| Tenafly | Brightview | Assisted Living Residence | 120 | |
| | | **TOTAL** | **189** | **12%** |
| | | **GRAND TOTAL** | **1574** | |

Information extracted from the New Jersey Department of Health Services website - https://healthapps.state.nj.us/facilities/fsSearch.aspx

* The website's searching mechanism did not list any beds for the Bristal. Our office confirmed with the Bristal and the license reflects 288 beds.

Types included: Long-Term Care (Nursing Homes), Residential Health Care Facilities, Assisted Living Residences, Comprehensive Personal Care Home, Dementia Care Homes

Types excluded: Assisted Living Program and Adult Day Health Care Services

# EXHIBIT "B"

# New Jersey Department of Health

Division of Certificate of Need & Licensing

## LICENSE

**EB CARE AT ENGLEWOOD, LLC**

Pursuant to N.J.S.A. 26:2H-1 et seq.,

which is hereby licenced to operate

Bristal At Englewood, The

412 SOUTH VAN BRUNT STREET - ENGLEWOOD, NJ 07631

*ASSISTED LIVING RESIDENCE*

consisting of:

Beds:
288 Assisted Living Beds

Licence #: 02A029
Effective: April 3, 2019
Expires: March 31, 2020
Issued: June 27, 2019

MUST BE POSTED IN A CONSPICUOUS PLACE IN THE FACILITY

# EXHIBIT "C"

2010 WL 4955601
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
M.D. Pennsylvania.

PENNSYLVANIA CARE, L.L.C. d/b/a Miners Medical Center, Plaintiff,
v.
Ashley BOROUGH and Mike Collins, in his individual and official capacities, Defendants.

Civil Action No. 3:10–CV–956.
|
Nov. 30, 2010.

**Attorneys and Law Firms**

John S. Harrison, Broughal & Devito, LLP, Bethlehem, PA, for Plaintiff.

Robert G. Hanna, Jr., Lavery, Faherty, Young & Patterson, P.C., Harrisburg, PA, for Defendants.

*MEMORANDUM*

A. RICHARD CAPUTO, District Judge.

*1 Presently before the Court is the defendants' motion to dismiss. (Doc. No. 6.) For the reasons explained below, the parties will be ordered to submit evidence and briefing on the issue of ripeness.

The plaintiff in this matter is a limited liability company which operates a methadone treatment facility in Ashley Borough, Pennsylvania. In its complaint, the treatment facility alleges that the borough and its zoning officer engaged in various actions, including ordering the facility to shut down, in violation of its rights. The facility brings due process and equal protection claims under 42 U.S.C. § 1983, and discrimination claims under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

The borough and its zoning officer jointly move to dismiss. Their motion and exhibits suggest that the treatment facility never obtained a zoning permit and that there is a pending hearing before the zoning board.

In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). Because federal jurisdiction may depend on certain facts, the district court is not limited to the face of the pleadings when its subject matter jurisdiction is at issue. *Armstrong World Indus.., Inc. by Wolfson v. Adams,* 961 F.2d 405, 410 n. 10 (citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)). "Rather, as long as the parties are given an opportunity to contest the existence of federal jurisdiction, the district court 'may inquire, by affidavits or otherwise, into the facts as they exist.' " *Id.* (quoting *Land,* 330 U.S. at 735 n. 4).

The ripeness of a land use dispute is jurisdictional in nature. *Murphy v. New Milford Zoning Comm'n,* 402 F.3d 342, 347 (2d Cir.2005). The plaintiff has the "high burden" of proving that such a dispute is ripe. *See id.* "[C]onsiderations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even though the parties do not." *Peachlum v. City of York,* 333 F.3d 429, 433 (3d Cir.2003) (citing *Felmeister v. Office of Attorney Ethics,* 856 F.2d 529, 535 (3d Cir.1988)).

In *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court developed specific ripeness requirements applicable to land use disputes. The Court was presented with whether the application of zoning laws to the property at issue amounted to a Fifth Amendment taking, but held it lacked jurisdiction because the claim was not ripe. *Id.* at 186. The Court held that the claim could not be ripe "until the government entity charged with implementing the regulation has reached a final decision regarding the application of the regulations to the property at issue." *Id.*

Although *Williamson County* was decided in the context of a Fifth Amendment regulatory taking claim, the courts have applied its reasoning to land use disputes involving other claims. *See Murphy,* 402 F.3d at 350 (First Amendment Free Exercise claim and RLUIPA claim); *Taylor Inv., Ltd. v. Upper Darby Twp.,* 983 F.2d 1285 (3d

Cir.1993) (claims brought under 42 U.S.C. § 1983 for violations of the Due Process and Equal Protection Clauses).

**\*2** Requiring a plaintiff to obtain a final decision from a local land use authority serves four purposes. *Congregation Anshei Roosevelt v. Planning & Zoning Bd. of Roosevelt,* 338 F. App'x 214, 217 (3d. Cir.2009) (citing *Murphy,* 402 F.3d at 348). First, this requirement helps to develop a full record. *Id.* Second, a final decision informs the court how regulations will be applied to the property at issue. *Id.* Third, the local authority may give the claimant the relief he seeks, obviating the need for the court to decide the dispute on constitutional grounds. *Id.* Finally, "[r]equiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution." *Murphy,* 402 F.3d at 348 (citing *Taylor Inv., Ltd.,* 983 F.2d at 1291).

Indeed, the court of appeals has stressed the importance "of the finality requirement and [its] reluctance to allow the courts to become super land-use boards of appeals. Land-use decisions concern a variety of interests and persons, and local authorities are in a better position than the courts to assess the burdens and benefits of those varying interests." *Congregation Anshei Roosevelt,* 338 F. App'x at 219 (quoting *Sameric Corp. of Delaware, Inc. v. City of Phila.,* 142 F.3d 582, 598 (3d Cir.1998)).

In line with the foregoing principles, the Court raises the issue of ripeness *sua* sponte.[1] The parties are directed to submit evidence and supporting briefs as to the ripeness of this dispute within fourteen days from the date of the Court's order. The parties are advised to explain whether entertaining this action would comport with the prudential principles laid down by the Supreme Court in *Williamson County.* An appropriate order follows.

## ORDER

**NOW,** this 30th day of November, 2010, **IT IS HEREBY ORDERED** that the parties submit evidence and supporting briefs to this Court as to whether this dispute is ripe in accordance with the Court's Opinion fourteen (14) days from the date of this Order.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4955601

Footnotes

[1] The defendants used the word ripeness once in their motion (generally stating, in paragraph 19, "Defendants raise both abstention and ripeness."). (Doc. No. 6 at 3.) However, a discussion of ripeness appears nowhere in their accompanying brief, Doc. No. 7, so the court raises the issue on its own motion.