## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC and 7 NORTH WOODLAND STREET, LLC, on behalf of themselves and prospective residents, JOHN and JANE DOES 1-10,<br><br>                    Plaintiffs,<br>v.<br><br>CITY OF ENGLEWOOD and CITY COUNCIL OF ENGLEWOOD,<br><br>                    Defendants. | Civil Action No. 2:19-cv-14515-BRM-JAD<br><br>*Document Electronically Filed*<br><br>**DECLARATION OF WAYNE SCOTT** |

I, Wayne Scott, hereby declare as follows:

1. I am the Zoning Officer of the City of Englewood. I have served in this capacity since November of 2013

2. I submit this Declaration in opposition to the claim by Plaintiffs that an Englewood Board of Adjustment application for the 150-bed Care One facility on the subject property, located in the R-AAA Zone, would be futile and that this case is "ripe" for adjudication in the Federal Court.

3. The subject property is commonly known as 431 East Palisade Avenue, 405 East Palisade Avenue, and 7 North Woodland Street, and known and designated as Block 1902, Lots 5.01 and 7, on the Tax Map of the City of Englewood. Part of Lot 8.01 is located in the Borough of Englewood Cliffs. (The subject property is hereinafter collectively referred to as the "Property.")

1

4. Plaintiffs are seeking to construct a Care One assisted living facility on the property, a for profit entity. Upon information and belief, this facility is neither a religious institution nor designed for religious assembly.

5. The Plaintiffs have not applied to the Englewood Board of Adjustment for their proposed project. To the best of my knowledge, the Plaintiffs have also not applied to Englewood Cliffs or its Board of Adjustment in that adjacent municipality.

6. A summary of the lists of zones and the residential components or uses allowed in each zone is attached as **Exhibit "A."**

7. I also note that there are 27 zones in the City, but at least 24 zones allow residential use. Not every zone contains exclusively "residential" uses. The RIM zone permits for residential uses, including assisted living facilities and apartment and condominium communities.

8. The permitted uses within the RIM Zone are:

   a. Apparel manufacturing;
   b. Beverage production and manufacturing;
   c. Computer, electronic, and electrical product manufacturing;
   d. Food production and manufacturing;
   e. Scientific and medical instrument manufacturing;
   f. Nonmetallic mineral product manufacturing;
   g. Printing and related support activities;
   h. Research and development;
   i. Wood and furniture product manufacturing;
   j. Wholesale sales;
   k. Warehousing or distribution of nonflammable, nonhazardous materials;
   l. Moving and Storage Facilities;
   m. Studios (television, film production, recording, radio);
   n. Business offices;
   o. Professional offices;
   p. Ambulatory surgery center;
   q. Assisted living facility;
   r. Continuing care community;
   s. Hospice;
   t. Medical and dental laboratories and diagnostic services;

  u. Medical offices;
  v. Medical center;
  w. Rehabilitation Center;
  x. Skilled Nursing Facility;
  y. Urgent care facility;
  z. Veterinary hospital;
  aa. Wellness center;
  bb. Medical equipment sales;
  cc. Technical school;
  dd. Police, Fire, EMT, and ambulance stations;
  ee. Hotel; and
  ff. Apartment and Condominium communities for senior citizens.

9.  The permitted conditional uses within the RJM zone are:

  a. Accessory rooftop farming and gardening;
  b. Automobile sales and rental;
  c. Car wash facilities;
  d. Motor vehicle service and repair;
  e. Accessory retail; and
  f. Accessory restaurant.

10.  The Englewood Board of Adjustment has previously approved a number of use variances in the R-AAA Zone, some of which are in the immediate vicinity of the subject Property. It is my understanding that the Plaintiffs have alleged that filing an application for a use variance would be futile and want to bypass the customary and normal Zoning Board of Adjustment and land use process in the City of Englewood.

11.  A review of many of the prior applications with respect to the Englewood Zoning Board of Adjustment confirms that, in the past, the Board of Adjustment has often approved use variances in the R-AAA Zone.

### A. THE MORIAH SCHOOL

12.  The Moriah School started as a non-conforming use in a house located on South Woodland Avenue, about 500 feet from the subject Property. It is located in the R-AAA Zone.

3

However, it has dramatically expanded over the last 30 years. The Moriah School is an Orthodox Jewish school. These expansions have taken place often and repeatedly. In particular, numerous Resolutions have been adopted approving expansions and additional relief that have morphed the Moriah School from previously a small Orthodox Jewish school in a house to now a school which has a capacity to hold up to 1,000 students in 46 classrooms.

13. A summary of the Englewood Planning Board and Zoning Board of Adjustment ("ZBA") Resolutions and the relief granted for this Orthodox Jewish use is as follows:

 a. Planning Board Resolution from 1978 for new cafeteria and 8 new classrooms;

 b. ZBA Resolution adopted August 6, 1991 for the initial large expansion;

 c. ZBA Resolution adopted January 17, 2002 for an 8-foot fence and 2 gates;

 d. ZBA Resolution adopted June 19, 2003 for a 2-story addition;

 e. ZBA Resolution adopted June 27, 2005 for relocation of gates;

 f. ZBA Resolution adopted May 24, 2010 for addition of Lot 10 and to eliminate no expansion condition;

 g. ZBA Resolution adopted December 19, 2013 for demolition of Lot 10 building.

Copies of each of the aforementioned Resolutions are attached hereto and made a part hereof as **Exhibit "B."**

### B. THE DWIGHT ENGLEWOOD SCHOOL

14. Although school use is a conditional permitted use in the zone, the Dwight Englewood School does not meet all the conditions of the conditional use. In particular, public schools are not permitted on the street on which it is located, North Woodland Avenue. Simply put, the Dwight Englewood School ("DE School") is not a permitted use where it is located.

15. Notwithstanding same, the DE School has also obtained use variances from the Board of Adjustment to expand its facility.

4

16. The use variances the DE School has obtained based upon my review of the zoning records are as follows:

   a. ZBA Resolution adopted July 27, 2015 for expansion of parking area; and

   b. ZBA Resolution adopted April 23, 2018 for replacement of maintenance building.

Copies of those Resolutions are attached hereto and made a part hereof as **Exhibit "C."**

### C. THE ACTORS FUND HOME

17. The Actors Fund Home, an assisted living facility, also recently obtained a use variance in 2018.

18. The Englewood 2001 Housing Plan Element and Fair Share Plan's description of the Actors Fund facility is as follows:

> This facility is located at 155-157 West Hudson Avenue and is owned by the Actors Fund of America. It was constructed in 1960, with 42 assisted living units dating to that time. A substantial addition was constructed in 1988 that included 67 nursing units. Affordability controls are in place as its units are rented to low-income retired actors.

19. The Actors Fund sought to expand its facility, and the Board of Adjustment also granted that use variance to allow the expansion, by Resolution dated December 15, 2014 (adopted January 26, 2015). A copy of the Resolution is attached hereto and made a part hereof as **Exhibit "D."** That approval also added a nursing care facility of 20 beds.

### D. OTHER RELEVANT ZONING FACTORS

20. The Moriah School is located on South Woodward Avenue, which is in close proximity to the subject Property. The DE School is across from the subject property. The Actors Fund is approximately +- 2 miles from the subject Property.

5

21. Moreover, the RIM zone was modified in 2014 to allow assisted living uses as a permitted use. As a result of that zone change, a senior housing-assisted living facility, the Bristal, consisting of 309 beds was approved by the Planning Board on February 25, 2016. A copy of that Resolution is attached as **Exhibit "E."**

22. Moreover, the Housing Element and Fair Share Plan was updated in April of 2014 when the Third Round Englewood Housing Plan Element and Fair Share Plan ("2014 Fair Share Plan") was adopted by the City. The 2014 Fair Share Plan specifically discussed the "fair share" of housing in the City and includes the many "fair housing" properties in the City, including senior housing and assisted living. A copy of report is attached as **Exhibit "F."** It is clear that the City was and is quite concerned with its "fair housing," including its "fair housing" obligations.

23. The projects listed in the 2014 Fair Share Plan are as follows:

   a. <u>Shepherd House (Block 605, Lot 2) – 12 Single-Room Occupancy Rental Units.</u> The Bergen County Community Action Partnership (BCCAP) operates a single-room occupancy supportive and special needs housing development on Demarest Avenue known as Shepherd House. BCCAP reconstructed the 12-unit building for occupancy in 1998. This project is eligible for credit in the second round, as well as bonus rental credits. Thus, 24 total units of credit are generated by Shepherd House.

   b. <u>Independence Hall (Block 605, Lot 15) – 8 Single-Room Occupancy Rental Units.</u> The BCCAP operates a single-room occupancy rental development known as Independence Hall. The BCCAP reconstructed the building into an 8-unit transitional development reserved for mentally ill and chemically dependent

6

persons in 1998. Since the building was entirely reconstructed (not merely rehabilitated), it is eligible for prior round credits. As a rental project, it is also eligible for rental bonuses. However, since Englewood is eligible for only 13 units of rental bonuses, only 1 unit is counted as a rental bonus.

c.   <u>J-ADD (formerly UJC) Group Home (Block 111, Lot 12) – 4-Unit Supportive Housing</u>. The Jewish Association for Developmental Disabilities (J-ADD) operates a four-bedroom group home occupied by eligible developmentally disabled persons. The home began operating in 1988 through a program funded by the New Jersey Department of Human Services. [previously referred to as the United Jewish Community of Bergen County].

d.   <u>PSCH-Phelps Avenue (Block 3006, Lot 36) – 4-Unit Supportive Housing</u>. Promotions Specialized Care and Health (PSCH) manages a four-bedroom supportive and special needs housing development for disabled persons on Phelps Avenue. The group home has operated since 1999.

e.   <u>PSCH-Knickerbocker Rd. (Block 401, Lot 21) – 4-Unit Supportive Housing</u>. PSCH operates an additional four-bedroom supportive and special needs housing development for disabled persons on Knickerbocker Road. The group home has operated since 2002.

f.   <u>First Baptist Church (Block 2011, Lot 28) – 5-Unit Supportive Housing</u>. The First Baptist Church of Englewood completed a reconstruction project resulting in a five-unit supportive and special needs housing development for homeless women and their families. The dwelling began operation in mid-2009 and is located adjacent to the Church.

24. There may be other projects involving affordable housing which have seniors or those requiring assisted living that are not listed above. However, the above-listed projects are the projects specifically listed in the 2014 Fair Share Plan.

25. The projects listed above do not include the major and/or larger assisted living projects also mentioned in this Declaration (i.e., the Actor's Fund, Bristal House, etc.).

26. This Declaration is made in opposition to the claim by Plaintiffs that an Englewood Board of Adjustment application would be "futile." The Board of Adjustment must review each application on each piece of property and judge each application on its own and base a decision upon the individual facts and circumstances—after notice to the public. However, the above are just examples to show that there have been prior expansions for at least some of the uses not permitted in the R-AAA Zone, which includes an Orthodox Jewish use on South Woodland Avenue.

27. I declare under penalty of perjury, that the foregoing is true and correct.

Dated: 8/21/2019

_____
WAYNE SCOTT