

MARTIN W. KAFAFIAN (NJ, NY, DC BARS)
ADOLPH A. ROMEI (NJ, NY BARS)
JOHN J. LAMB (NJ BAR)
ANTIMO A. DEL VECCHIO (NJ, NY, DC BARS)
ROBERT A. BLASS (NJ, NY BARS)
IRA J. KALTMAN (NJ, NY BARS)
ARTHUR N. CHAGARIS (NJ BAR)
STEVEN A. WEISFELD (NJ, NY BARS)
IRA E. WEINER (NJ BAR)
DANA B. COBB (NJ, NY BARS)
RENATA A. HELSTOSKI (NJ, NY BARS)
MICHAEL STERNLIEB (NJ BAR)
DANIELE CERVINO (NJ, NY BARS)
ARTHUR M. NEISS (NJ, NY BARS)

OF COUNSEL
JAMES R. BEATTIE (NJ BAR)
ROGER W. BRESLIN, JR. (NJ BAR)
THOMAS W. DUNN (NJ BAR)
JOSEPH A. RIZZI (NJ BAR)
PATRICK J. MONAGHAN, JR. (NJ, NY BARS)
MARY ELLEN B. OFFER (NJ, NY BARS)
EMERY C. DUELL (NJ, NY BARS)

RALPH J. PADOVANO (1935-2016)

**BEATTIE PADOVANO** LLC

COUNSELLORS AT LAW
50 CHESTNUT RIDGE ROAD, SUITE 208
MONTVALE, NEW JERSEY 07645-1845

(201) 573-1810

www.beattielaw.com

NEW YORK OFFICE:
99 MAIN STREET, SUITE 319
NYACK, NEW YORK 10960
(845) 512-8584

COUNSEL TO THE FIRM
BRENDA J. STEWART (NJ BAR)
JAMES V. ZARRILLO (NJ, NY BARS)
JEANETTE A. ODYNSKI (NJ, NY BARS)
DANIEL L. STEINHAGEN (NJ, NY BARS)
CRISTIN M. KEEGAN (NJ, NY BARS)

MARTIN R. KAFAFIAN (NJ, NY BARS)
MARIYA GONOR (NJ, NY BARS)
JOHN M. BOEHLER (NJ BAR)
JOHN B. STEPHENSON (NJ BAR)
IAN M. EASTWICK (NJ, NY BARS)
KIMBERLEY A. BRUNNER (NJ BAR)

FAX: (201) 573-9736
FAX: (201) 573-9369

Reply to New Jersey Office
Writer's Direct Access
Email: jlamb@beattielaw.com
Direct Dial: (201) 799-2173

September 17, 2019

OUR FILE NO. 190533-1

Hon. Brian R. Martinotti, U.S.D.C.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street, Room 341
Trenton, New Jersey 08608

**POSITION ON
SETTLEMENT
DISCUSSIONS**

Re:   **431 E. Palisade Avenue Real Estate, LLC, et al.
v. City of Englewood, et al.
Civil Case No. 2:19-cv-14515-BRM-JAD**

Dear Judge Martinotti:

As you know, we represent the Concerned Citizens of Englewood, Inc., a non-profit corporation of the State of New Jersey (hereinafter the "Concerned Citizens").

The Court has allowed the Concerned Citizens to file an *amicus curiae* brief and also granted us the right to argue at the hearing before Your Honor. We again thank Your Honor for that courtesy.

At the time of the argument, Your Honor requested that all parties advise you by Wednesday of the willingness to attempt to resolve this matter. As Your Honor will recall, I specifically provided that as a possibility in the *amicus* brief, but in connection with the filing of the Board of Adjustment application we believe is necessary.

As I advised Your Honor during oral argument, from the standpoint of my client, there should be a concrete application filed at the Board of Adjustment level, a review by all the Board of Adjustment's professionals, the preparation of expert reports, and involvement of some of the major interested parties who have not yet appeared (*i.e.*, neighbors or other interested parties, Dwight Englewood School, Borough of Englewood Cliffs). After the process starts, and

*Forty-Nine Years of Service*

Hon. Brian R. Martinotti, U.S.D.C.J.
U.S. District Court - District of New Jersey
September 17, 2019
Page 2

everyone has reviewed the filing and has the benefit of the other positions, then in our opinion that is the proper time to try to resolve the matter.

Thus far, Your Honor has been confronted with the case from all of plaintiff's experts—engineer, legal expert, traffic expert, planner, etc. They all spent a substantial amount of time reviewing the plans. That is a totally one-sided presentation.

Our experience is that usually these matters are settled, if they can be settled, during the application process when the vetting process has started. It is that time that the Board would have had reviews, and the interested parties could also obtain and consult with experts, and the public would be notified and participate. As I stated, we only represent a group which has a limited number of the members of the public. There are a lot more interested people than we are representing.

By way of example of the need to review after an application is filed during the oral argument, there was a hypothetical from Your Honor about whether there is a stream on the property. There is in fact a stream on the property, based upon our quick review, that affects in some manner the proposed project. Other than my spending five minutes here to check it out, that would have been likely raised during the application process. To review the proposed project at this stage is an expensive endeavor which is simply premature.

We thank Your Honor for your consideration. Please do not hesitate to contact us if you have any questions with regard to the above.

Respectfully yours,

John J. Lamb

JJL:lb

cc:  Concerned Citizens of Englewood, Inc.
       Attn: Trustees
     Antonelli Kantor, PC (Counsel for the City of Englewood)
       Attn: Daniel Antonelli, Esq.
       Attn: Vivian Lekkas, Esq.
     Cole Schotz P.C. (Counsel for Plaintiff)
       Attn: Warren A. Usatine, Esq.
     Huntington Bailey LLP (General Counsel for City of Englewood)
       Attn: William J. Bailey, Esq.

3561350_1\190533