# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| 431 E PALISADE AVENUE REAL ESTATE, LLC, et al., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 2:19-cv-14515-BRM-JAD |
| CITY OF ENGLEWOOD, et al., | : : : | **ORDER** |
| Defendants. | : : : | |

**THIS MATTER** is opened to the Court by Defendants City of Englewood ("City") and City Council of Englewood's ("City Council") (collectively "Defendants") Motion (ECF No. 38) to Stay the Court's October 10, 2019 Order pending their Appeal to the Third Circuit (ECF No. 39) of that Order and the accompanying Opinion of this Court. Plaintiffs 431 E. Palisade Avenue Real Estate, LLC and 7 North Woodland Street, LLC (collectively "Plaintiffs") oppose the Motion (ECF No. 44), and Defendants filed a Reply (ECF No. 46). The Court, having reviewed the submissions filed in connection with the Motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause, enters the following order:

**IT APPEARING THAT**:

1. On June 28, 2019, Plaintiffs filed a Complaint alleging the City's Zoning Ordinances violated the Americans With Disabilities Act (Count I), federal Fair Housing Act (Count 2), Rehabilitation Act (Count 3), their constitutional rights under 42 U.S.C. § 1983 (Counts 4-6, 11), the Religious Land Use and Institutionalized Persons Act, (Count 10), and various state laws (Counts 7-9) (ECF No. 1).

2. Concomitantly, Plaintiffs filed an Application/Petition for an Order to Show Cause seeking a preliminary injunction enjoining Defendants' enforcement of those Zoning Ordinances against Plaintiffs for the property located at 405 East Palisade Avenue, 431 East Palisade Avenue and 7 North Woodland Street in Englewood, New Jersey (the "Property") pending the final resolution of this litigation, and approving their zoning application. (ECF No. 2.)

3. Plaintiffs claim the City's Zoning Ordinance is facially discriminatory because it does not allow assisted-living and memory-care facilities as permitted uses in any purely residential district in the City, instead permitting such uses only in what the City calls its Research, Industrial, Medical, or RIM, zone.

4. On August 21, 2019, Defendants filed a Cross Motion for Judgment on the Pleadings and Opposition to Plaintiffs' Order to Show Cause (ECF No. 20).

5. On August 28, 2019, pursuant to the Stipulation of the Parties and this Court's Order of August 22, 2019, the nonprofit corporation Concerned Citizens filed an Amicus Curiae brief opposing Plaintiffs' Order to Show Cause (ECF No. 22).

6. This Court conducted oral argument on September 13, 2019 (ECF No. 32).

7. On October 10, 2019, this Court granted Plaintiffs' Application for a Preliminary Injunction, holding that Plaintiffs had met their burden of demonstrating (1) Plaintiffs had a reasonable probability of eventual success in the litigation, (2) Plaintiffs would be irreparably injured if relief is not granted, (3) Defendants would not be substantially harmed by the granting of Plaintiffs' Motion; and (4) the public interest would be served by granting the Motion.

8. Defendants contend the Motion to Stay should be granted because maintaining the status quo "is appropriate when a serious legal question is presented," the serious question here being whether the City's Zoning Ordinances discriminate against people who require assisted-living and memory-care facilities. (Defs.' Br. in Support of Mot. to Stay (ECF No. 38-2) at 3 (citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F. 2d 841, 844 (D.C. Cir. 1977))).

9. Defendants further argue they have established a likelihood of success on the merits of the appeal because the Ordinance governing the R-AAA zone where the Property is located does not contain any "alleged discriminatory classification which is actually defined by the regulation in terms that largely coincide with the [Fair Housing Act's] definition of 'handicap.'" (*Id.* at 10.)

10. Defendants contend *Lapid-Laurel, LLC v. Zoning Bd. of Adjustment of Twp. of Scotch Plains* further augments its likelihood of success in the appeal because against similar facts the Third Circuit rejected arguments similar to those raised by Plaintiffs in their Application/Petition for a Preliminary Injunction. (*Id.* at 16-17.)

11. Defendants claim the Court should not have relied on *Montana Fair Housing, Inc. v. City of Bozeman* because the ordinance at issue there "utilized the words 'Assisted Living/Elderly Care Facilities' <u>and</u> expressly prohibited that use within four residential districts." (*Id.* at 18 (citing *Bozeman*, 854 F. Supp. 2d 832 (D. Mont. 2012)).) Defendants see no parallel to this matter, where the Code of the City of Englewood, ch. 250 (Land Use) expressly provided for assisted-living facilities in the RIM District and proscribed as permitted uses any use other than those examples affirmatively listed in the Code.

12. Defendants also claim the Court erred in distinguishing *Marriott Senior Living Services, Inc. v. Springfield Twp.*, because the Court there on similar facts held, among other things, the "zoning scheme does not 'on its face' discriminate." (*Id.* at 19 (quoting *Marriott Senior Living*, 78 F. Supp. 2d 376, 380 (E.D. Pa. 1999))).

13. Plaintiffs counter that the Motion should be denied because "Defendants' request for a stay pending appeal is governed by the same legal standard applied in the Decision," namely that "a motion to stay a preliminary injunction pending an appeal requires the movant establish that (1) it has made a strong showing that it is likely to succeed on the merits; (2) it will be irreparably injured absent a stay; (3) issuance of the stay will not substantially injure the other parties; (4) the public interest lies in granting the stay." (Pls.' Opp. Br. (ECF No. 44) at 3-4 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted))); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 177 n.2 (3d Cir. 2017), as amended (June 26, 2017) (noting that in the "stay-pending appeal context, [] the factors are the same as for [] preliminary injunctions")).

14. Plaintiffs argue that, "[h]aving already determined that an application of the *Reilly* factors warranted an order precluding Defendants from enforcing the discriminatory provisions of the Code, there is no reason to depart from the Decision and allow the discrimination to continue." (ECF No. 44 at 4).

15. Plaintiffs also contend "Defendants dedicate significant time to analyzing inapposite case law and/or trying to distinguish cases, the vast majority of which were already considered by the Court." (*Id.* at 5.)

16. Plaintiffs argue principal, not any textual similarity or mismatch, carried the day in *Bozeman*, specifically the principal that "zoning codes that apply less favorably on their

face to protected groups (including individuals who require assisted living care) violate the FHA." (*Id.* at 10-11.)

17. Plaintiffs further contend *Lapid-Laurel* is inapposite because, as the Third Circuit "did not address the 'disparate treatment' standard because no such claim was at issue that case," the Court's failure to raise an issue not before it "is not persuasive in establishing Defendants' likelihood of success on the merits, as posited by Defendants." (*Id.* at 12).

18. In short, Plaintiffs argue, "Defendants' recycled arguments should once again be rejected." (*Id.* at 1 (citing *Corp. Synergies Grp., LLC v. Andrews*, Case No. 18-13381, 2019 WL 2743791, at *2 (D.N.J. Jan. 9, 2019))).

19. Federal Rule of Civil Procedure 62 governs stays of injunctions pending appeals. Rule 62(d) states, in pertinent part, "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

20. In determining whether to stay an injunctive order under Rule 62, the criteria to be considered "are generally taken to be similar to the criteria underlying the court's decision to grant or deny preliminary injunctive relief. The party seeking relief must show that it is likely to succeed on appeal, that irreparable injury will flow from a failure to grant the relief sought, and that other parties and the public will not be substantially injured if the relief is granted." *Sentry Ins. v. Pearl*, 662 F. Supp. 1171, 1173 (E.D. Pa.), *aff'd*, 833 F.2d 307 (3d Cir. 1987) (citing, *inter alia*, 11 Wright & Miller, Federal Practice and Procedure § 2904 at 316 (1973); 7 Moore's Federal Practice ¶ 62.05 at 62–28 & n. 16); *see also Hilton v. Braunskill*, 481 U.S. 770, 776

(1987) (citations omitted))); *Reilly v. City of Harrisburg*, 858 F.3d 173, 177 n.2 (3d Cir. 2017); *Kawecki Berylco Indus., Inc. v. Fansteel, Inc.*, 517 F. Supp. 539, 540 (E.D. Pa. 1981).

21. In reviewing Defendants' submission, the Court concludes Defendants largely rely on case law and arguments this Court considered and rejected in its preliminary injunction analysis, and therefore, Defendants have not established it is likely to succeed on the merits of the appeal.

Accordingly, for the reasons set forth above and for good cause appearing, and having determined in its October 10, 2019 Opinion that Plaintiffs had established a reasonable likelihood of success on the merits in the underlying litigation, and being persuaded that Defendants have failed to establish a different basis for this Court to determine that Defendants have a likelihood of success on appeal,

**IT IS** on this 3rd day of December 2019,

**ORDERED** that Defendants' Motion to Stay the October 10, 2019 Order Pending Appeal (ECF No. 38) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**